```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA

                     PARKERSBURG
```

**MATTHEW LEE DULANEY,**

    **Petitioner,**

v.                                       **Case No. 6:01-cr-00098-1**
                                          **Case No. 6:08-cv-00859**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

Following a jury trial conducted between July 31, 2001 and August 2, 2001, Petitioner, Matthew Lee Dulaney, was convicted of one count of robbery of a federal credit union by force or violence, in violation of 18 U.S.C. § 2113(a) (docket ## 67, 68). On December 3, 2001, Petitioner was sentenced to 135 months of imprisonment and three years of supervised release, to be served consecutively to state sentences for aggravated robbery and breaking and entering (which were imposed in 2000). A Judgment to that effect was entered on December 6, 2001 (# 102).

On October 15, 2002, the United States Court of Appeals for the Fourth Circuit affirmed Petitioner's conviction and sentence. United States v. Daugherty, No. 01-4992, 48 Fed. Appx. 66 (4th Cir., Oct. 15, 2002)(unpublished), cert. denied, 538 U.S. 939 (March 24, 2003). On appeal, Petitioner raised claims relating to sufficiency of the evidence, denial of hybrid representation (or

failure to advise him of his right to self representation), denial of his *pro se* motion for a continuance, admission of testimony by the government's fingerprint expert, and increases to his offense level for other uses of a dangerous weapon and physical restraint of the teller.  The Fourth Circuit declined to consider his claim of ineffective assistance of counsel.

Pending before the court is a document entitled "Petition for a Writ of Coram Nobis" (# 208), filed on June 20, 2008, which raises 491 grounds for relief.  By Order entered June 23, 2008, the court construed the document to be a motion to vacate, set aside or correct sentence, filed pursuant to 28 U.S.C. § 2255 (# 214).  The Order noted that the writ of *coram nobis* has been largely displaced by other remedies, and will not issue unless no other remedy is available, citing United States v. Mandel, 862 F.2d 1067 (4th Cir. 1988).  Petitioner did not object.

On July 1, 2008, the United States filed a motion to dismiss (# 217), asserting that the one-year period following Petitioner's judgment of conviction becoming final expired on March 27 [sic; 24], 2004, and thus the statute of limitation bars consideration of his grounds for relief.  28 U.S.C. § 2255(f)(1).  The undersigned filed Proposed Findings and Recommendation (# 236) that the recharacterized § 2255 motion be dismissed as untimely.  Petitioner has subsequently claimed that he did not receive a copy of the government's motion to dismiss (# 238).

2

Upon consideration of United States v. Blackstock, 513 F.3d 128 (4th Cir. 2008), the undersigned concluded that the petition for a writ of *coram nobis* should not have been recharacterized as a § 2255 motion without giving notice to Petitioner as required by Castro v. United States, 540 U.S. 375 (2003). The Proposed Findings and Recommendation were withdrawn by Order entered August 25, 2008 (# 258).

The writ of *coram nobis* is available only if two conditions are present. First, there must have been an error "of the most fundamental character." United States v. Mandel, 862 F.2d 1067, 1075 (4th Cir. 1988) (quoting United States v. Morgan, 356 U.S. 502, 511 (1954)). Second, there must be no other remedy available. Mandel, 862 F.2d at 1075. A motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 has nearly eliminated *coram nobis* review. See Carlisle v. United States, 517 U.S. 416, 429 (1996).

Petitioner has met neither of the two essential elements of a writ of *coram nobis*. He has not shown that his conviction involved a fundamental error of any sort. The large number of claims raised by Petitioner does not add any credibility to them. The types of errors which may be considered "fundamental," as listed by the Supreme Court in Morgan include the failure to swear witnesses, a defendant's insanity, a conviction based on a guilty plea through the coercion of fear of mob violence, failure to advise of the

3

right to counsel, and a conviction based on perjured testimony. 346 U.S. at 508-510. The Court noted that "[c]ontinuation of litigation after final judgment and exhaustion or waiver of any statutory right of review should be allowed through this extraordinary remedy only under circumstances compelling such action to achieve justice." Id., at 511. Petitioner was represented by counsel; there is no suggestion that he was insane; the remaining claims are those typically raised in a § 2255 motion.

Petitioner has also failed to demonstrate that there is no other remedy available. Whether or not Petitioner's claims would be barred by the period of limitation added to § 2255 by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. §§ 2255(f) and (h), "the procedural barriers erected by AEDPA are not sufficient to enable a petitioner to resort to coram nobis merely because he/she is unable to meet AEDPA's gatekeeping requirements." United States v. Baptiste, 223 F.3d 188, 189-90 (3d Cir. 2000).

The one extraordinary case in which the Fourth Circuit granted a writ of error coram nobis (over a vigorous dissent) involved defendants who had finished serving their terms of imprisonment for conduct which the Supreme Court had subsequently determined not to be a violation. United States v. Mandel, 862 F.2d 1067 (4th Cir. 1988). Mr. Dulaney has begun serving his federal sentence, and no court has declared forceful and violent robbery of a credit union

4

not to be a crime.

The undersigned proposes that the presiding District Judge **FIND** that Petitioner has failed to meet his rigorous burden of proof that there was a fundamental error in his trial, that no other remedy is available to him, and that the writ must issue in order to achieve justice.

It is respectfully **RECOMMENDED** that the motion to dismiss filed by the United States (# 217), relating to the timeliness of the petition, be denied as moot, and that the petition for a writ of error *coram nobis* (# 208) be dismissed with prejudice for failure to state a claim upon which relief can be granted.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have ten days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall

constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on the United States Attorney, Judge Faber, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Petitioner, Reg. No. 06535-088, at FTC Oklahoma City, Federal Transfer Center, P. O. Box 898801, Oklahoma City, OK 73189, and to counsel of record.

September 30, 2008
Date

Mary E. Stanley
United States Magistrate Judge