# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA

### PARKERSBURG

MATTHEW LEE DULANEY,

      Movant,

v.                             Case No. 6:01-cr-00098-1
                                     Case No. 6:08-cv-00859

UNITED STATES OF AMERICA,

      Respondent.

_____

MATTHEW LEE DULANEY

      Movant,

v.                             Case No. 6:01-cr-00098-01
                                     Case No. 6:09-cv-00372

UNITED STATES OF AMERICA,

      Respondent.

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court are two separate Motions to Vacate, Set Aside or Correct Sentence filed by Movant, Matthew Lee Dulaney. The first motion was filed in Case No. 6:08-cv-00859, docket sheet document # 208, on June 20, 2008.  That matter has a convoluted procedural history.  Relevant to the instant Proposed Findings and Recommendation, on October 23, 2008, Petitioner filed a Motion to Construe this Petition as a Motion under 28 U.S.C. § 2255 (# 274). On July 28, 2009, the Honorable David A. Faber, Senior United

States District Judge, who is presiding over both of these matters, issued a Memorandum Opinion granting Movant's Motion to Construe Petition as a Motion under 28 U.S.C. § 2255, and recommitted the matter to the undersigned for submission of proposed findings and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

On April 15, 2009, prior to the issuance of Judge Faber's July 28, 2009 Memorandum Opinion, Movant filed a separate Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 (# 289). That motion was assigned Case No. 6:09-cv-00372, and was also assigned to Judge Faber, and referred to the undersigned for submission of proposed findings and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

On August 11, 2009, Movant filed a document entitled "Supplement to Grounds 468, 469 and all other grounds concerning and related to sentencing errs [sic; errors] against the petitioner, prosecutorial misconduct in general, and the ineffective assistance of the petitioner's appellate counsel in geneal [sic; general]" (# 298), which was docketed in both civil actions. Movant filed additional motions and other documents (## 300-306) in both civil actions, which will be separately addressed.

## PROCEDURAL HISTORY

Following a jury trial conducted between July 31, 2001 and August 2, 2001, Defendant was convicted of one count of bank

2

robbery by force or violence, in violation of 18 U.S.C. § 2113(a) (docket ## 67, 68).

On December 3, 2001, Defendant was sentenced to 135 months of imprisonment and three years of supervised release, to be served consecutively to state sentences for aggravated robbery and breaking and entering (which were imposed in 2000). A Judgment to that effect was entered on December 6, 2001 (# 102).

On October 15, 2002, the United States Court of Appeals for the Fourth Circuit affirmed Defendant's conviction and sentence. United States v. Dulaney, No. 01-4992, 48 Fed. Appx. 66 (4th Cir., Oct. 15, 2002)(unpublished), cert. denied, 538 U.S. 939 (March 24, 2003).

Movant then filed his two Motions to Vacate, Set Aside or Correct Sentence, as detailed above. The identical motions contain 491 grounds for relief.

On July 1, 2008, in response to the filing of Movant's first motion/petition, the United States filed a Motion to Dismiss Movant's Section 2255 Motion as Untimely (# 217). That motion is pending. No additional response by the United States has been ordered since the filing of Movant's second Section 2255 Motion.

## ANALYSIS

Prior to 1996, a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 was not subject to a specific time limitation with respect to filing of the motion. However, in 1996,

3

Congress enacted the Anti-Terrorism and Effective Death Penalty Act of 1996,(hereinafter the "AEDPA"), which established a one-year period of limitation governing the filing of motions for collateral relief under 28 U.S.C. § 2255.

The one-year period runs from the latest of one of four specified events:

> (1) the date on which the judgment on conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or Laws of the United States is removed if the movant was prevented from making such motion by governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court if that right has been duly recognized by the Supreme Court and made retroactively applicable  to cases on review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.  Movant's conviction became final on or about March 24, 2003, when the Supreme Court denied his petition for writ of certiorari, and none of the other events specified in section 2255 are applicable in this case.  Therefore, Movant's time to file his section 2255 motion expired on or about March 24, 2004, and his pending motions are untimely.

In a document entitled "Additional Facts and Case Law in Support of Objections to the Government's Motion to Dismiss and Related Motions" (# 299), Movant asserts that he is entitled to equitable tolling of the one-year statute of limitations because he was not informed of the denial of his Petition for a Writ of Certiorari.  Movant also claims that the 2255 otion forms that were

4

sent to him led him to believe that he was required to be serving his federal sentence at the time that he filed his section 2255 motion and, thus, he believed that he was not yet eligible to file a section 2255 motion because he was still serving his state sentences.  Finally, Movant makes a frivolous argument about "newly discovered" evidence, which was in his counsel's possession.

The United States Court of Appeals for the Fourth Circuit has held that the AEDPA limitation period is subject to equitable tolling.  See Harris v. Hutchinson, 209 F.3d 325, 329-330 (4th Cir. 2000).  As to when equitable tolling should apply, the Fourth Circuit has stated:

> We believe, therefore, that any resort to equity must be reserved for those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

Id. at 330.  The Court opined that equitable tolling should apply in "two generally distinct kinds of situations:" (1) where a plaintiff/petitioner is prevented from asserting his claim by some kind of wrongful conduct on the part of the defendant/respondent; and (2) where extraordinary circumstances beyond the plaintiff/petitioner's control made it impossible to file the claims on time.  Id. [Emphasis added].

The Fourth Circuit has also made clear however, that, generally, the mistakes of counsel are attributable to the prisoner, and that such errors are not grounds for equitable

5

tolling.  See Rouse v. Lee, 339 F.3d 238 (4th Cir. 2003).  Movant had no right to counsel to represent him when he sought a writ of certiorari in the Supreme Court (see Wainwright v. Torna, 455 U.S. 586 (1982)); therefore, his counsel's failure to advise him of the denial of the certiorari petition cannot be grounds for equitable tolling.  The Fourth Circuit has further held that equitable tolling was not even warranted where counsel actually misadvised his client of the statutory deadline.  See Harris v. Hutchinson, 209 F.3d 325, 330-31 (4th Cir. 2000).  Thus, Movant's belief, based either upon his counsel's conduct, or upon the section 2255 forms, that he was ineligible to file a section 2255 motion, are not extraordinary circumstances sufficient to warrant equitable tolling of the statute of limitations.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Movant's two pending Motions to Vacate, Set Aside or Correct Sentence (## 208 and 289), and all of the related supplements thereto, which were filed more than four years after the expiration of the statute of limitations, are untimely under 28 U.S.C. § 2255, and that Movant has not demonstrated "extraordinary circumstances" sufficient to warrant equitable tolling of the statute of limitations.

For these reasons, it is respectfully **RECOMMENDED** that Respondent's Motion to Dismiss Movant's Section 2255 Motion as Untimely (# 217) be **GRANTED**, that both of Movant's Motions to

Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 (## 208 and 289) be **DENIED**, and that these two civil actions be dismissed from the docket of the court.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, Defendant shall have ten days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).  Copies of such

7

objections shall be served on the United States Attorney, Judge Faber, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Movant and to counsel of record.

    September 23, 2009                                 *Mary E. Stanley*
                Date                                   Mary E. Stanley
                                          United States Magistrate Judge

8