```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT BLUEFIELD
```
MATTHEW LEE DULANEY,
    Movant

v.                    Civil Action No.:   6:08-cv-0859
                                        6:09-cv-0372
                    Criminal No.:     6:01-cr-0098

UNITED STATES OF AMERICA
    Respondent.

## MEMORANDUM OPINION AND ORDER

Pending before the court is Matthew Dulaney's "Motion for Reconsideration of Court's 9/23/11 Memorandum Opinion and Order and Request for Certificate of Appealability." Doc. # 397. For the reasons stated herein, Mr. Dulaney's Motion for Reconsideration is DENIED; and his Request for Certificate of Appealability is DENIED.

### a. Factual and Procedural History

The defendant was convicted of one count of bank robbery by force or violence following a jury trial in 2001. On December 3, 2001, Mr. Dulaney was sentenced to 135 months of imprisonment, to be served consecutively to state sentences for aggravated robbery and breaking and entered (imposed in 2000). Mr. Dulaney appealed, and the United States Court of Appeals for the Fourth Circuit upheld Mr. Dulaney's conviction on October 15, 2002. Following the Fourth Circuit's decision, Mr. Dulaney appealed to the United States Supreme Court for a writ of

1

certiorari, which request the Supreme Court denied on March 24, 2003. Mr. Dulaney filed his first federal habeas corpus petition (Doc. # 208 in 6:08-cv-00859)[1] on June 20, 2008, and his second petition (Doc. # 289 in 6:09-cv-372) on April 15, 2009. The United States filed a motion to dismiss Mr. Dulaney's petition as untimely on July 1, 2008.

By Standing Order, these actions were referred to United States Magistrate Judge Mary E. Stanley for submission of findings and recommendations regarding disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Stanley submitted to the court her Proposed Findings and Recommendation ("PF&R") on September 23, 2009, in which she recommended that the district court grant the United States' motion to dismiss. In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge Stanley's Proposed Findings and Recommendation. Mr. Dulaney filed objections to Magistrate Judge Stanley's PF&R on October 9, 2009. The court considered each objection in turn, and, by Memorandum Opinion and Order entered September 23, 2011, overruled these objections. The instant motion raises essentially the same arguments offered in Mr. Dulaney's earlier filings.

---

[1] Mr. Dulaney disputes the characterization of this motion, a dispute the court has resolved previously.

2

b. <u>Mr. Dulaney's Motion for Reconsideration is Denied</u>.

Mr. Dulaney's Motion for Reconsideration likely falls under Rule 59(e) and Rule 60(b) of the Federal Rules of Civil Procedure. In opining on the propriety of granting a motion under Rule 59(e), or "Motion for Reconsideration or a New Trial," the Fourth Circuit has stated:

> A district court has the discretion to grant a 59(e) motion only in very narrow circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice.

<u>Hill v. Braxton</u>, 277 F.3d 701, 708 (4th Cir. 2002). The circumstances under which this type of motion may be granted as so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" <u>Woodrum v. Thomas Mem'l Hosp. Found., Inc.</u>, 186 F.R.D. 350, 351 (S.D.W. Va. 1999)(citation omitted).

The contentions asserted by Mr. Dulaney in the instant motion do not fall into the limited enumerated circumstances under which a 59(e) motion may be granted as enunciated by the Fourth Circuit. The court finds that the instant motion is largely a restatement of Plaintiff's arguments made in his § 2255 motion and in his objections to the Proposed Findings and Recommendations issued by the Magistrate Judge. Plaintiff's Rule 59(e) motion does not raise an intervening change in the controlling law. Nor does it account for new evidence not

available at trial, or demonstrate that a clear error of law has been made.  See Hill, 277 F.3d at 708.  Third, the court cannot find that failure to grant the instant motion would result in a manifest injustice to Mr. Dulaney.

Similarly, the court cannot grant the petitioner's motion based on Rule 60(b).  Rule 60(b) states that "on motion, and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment. . ." for such reasons as mistake, fraud, newly discovered evidence not available at trial, or any other reason justifying relief from a final judgment.  Fed. R. Civ. P. 60(b).  Rule 60(b) affords an extraordinary remedy available in narrow circumstances. See Compton v. Alton Steamship Co., 608 F.2d 96, 102 (4th Cir. 1979) (to obtain Rule 60(b) relief movant must show meritorious defense and existence of one of six grounds justifying relief under the rule).  In the instant motion, the court does not find any of the narrow circumstances that would warrant such extraordinary relief.  As such, the court orders that the motion for reconsideration is DENIED.

 c. <u>The Request for Certificate of Appealability is Denied.</u>

To grant a certificate of appealability, there must be a substantial showing of the denial of a constitutional right by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or

4

that the questions deserve further proceedings. 28 U.S.C. § 2253(c); Slack v. McDaniel, 529 U.S. 473 (2000). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). Mr. Dulaney has failed to make a substantial showing of the denial of a constitutional right by demonstrating that the issues are debatable among jurists or that the questions deserve further proceedings. As such, the request for a certificate of appealability is DENIED.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record, and the Petitioner, pro se. The Clerk is further directed to remove these cases from the court's active docket.

IT IS SO ORDERED on this 31st day of January, 2012.

ENTER:

*David A. Faber* (signature)

David A. Faber
Senior United States District Judge

5